PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* SIXTO TORRES GARCÍA, Defendant and Appellant.

No. 8518. Argued February 7, 1941.—Decided February 14, 1941.

*A. Reyes Delgado* and *F. Santos Borges,* for appellant. *George A. Malcolm, Attorney General, R. A. Gómez, Prosecuting Attorney* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for The People, appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

Appellant was charged with owning and carrying illegally upon his person "a Smith revolver, nickel plated, with a black paste butt, No. 192573, caliber 38, Harrison & Richardson, without having registered said arm with the Chief of the Insular Police of Arecibo, Puerto Rico, which is the district where defendant resides," in violation of Section 7 of Act No. 14 of July 8, 1936 ((2) page 128), as amended by Act No. 95 of May 12, 1937, (Laws 1936–37, page 239).

The only error with which the trial court is charged is that it stated that defendant Sixto Torres had his legal residence in the Municipality of Arecibo and that he should have registered his revolver in the Police Headquarters of said municipality.

56

■■ The conclusions which the trial court reached and of which appellant complains are as follows:

"The court is of the opinion that although the statute says that a complaint must be filed against a person for not registering a firearm in the municipality where he resides, the statute does not fix any period of residence nor can this court do so. Such a domicile must arise from the circumstances and facts proved at the trial. It has been shown at the trial that this defendant is a bachelor; that he has no home or family in the town of Naguabo; that he came to Arecibo employed as a carpenter and had lived here for about a month when the firearm was seized. We are of the opinion that such a domicile is sufficient to comply with the requirements of the statute, and that if he was carrying a revolver in Arecibo, and at the same time working here and sleeping in a hired room, he was compelled to register his arm in Arecibo unless he already had it registered in Naguabo, but he has testified that he had not registered it in Naguabo. In our opinion, the commission of the crime is beyond doubt and the defendant must be found guilty. We do not mean to say that we could convict him for not having registered the weapon in Naguabo, since in that case the court of Humacao would be the one with jurisdiction over the defendant. We do mean to say that having acquired a domicile in this city, although only for a month, and possessing a revolver in Arecibo he was compelled to register it here, unless he already has registered it in Naguabo."

After a careful study of the transcript of the evidence, we are of the opinion that the conclusions of the lower court are fully justified, and that said court did not err when it held that the defendant was a resident of the Municipality of Arecibo and that as such resident he had the duty of complying with the requisites of the statute concerning registration of arms.

The judgment which the District Court of Arecibo rendered on January 9, 1940, must be affirmed.